IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
AUG - 8 2019
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19-04-BLG-SPW |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| GARY DUANE ERVIN, | |
| Defendant. | |

Before the Court is Defendant Gary Duane Ervin's objection to the Presentence Investigation Report's calculation of his base offense level. For the following reasons, the Court overrules Ervin's objection.

## I. Background

On April 5, 2019, Ervin pled guilty to one count of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. 922(g)(1). (Docs. 20, 23, 24). The Court set sentencing for August 8, 2019, and a Presentence Investigation Report was ordered to be prepared. (Doc. 25).

While compiling the Defendant's criminal history, the Presentence Investigation Report author discovered Ervin had previously been convicted of two assaults in Michigan in 2001. The first conviction was for Assault with Intent to Rob While Armed in violation of Mich. Comp. Laws Ann. § 750.89. The second conviction was for Assault with Intent to do Great Bodily Harm in violation of

1

Mich. Comp. Laws Ann. § 750.84(1)(a). While calculating Ervin's offense level, the Presentence Investigation Report author determined Ervin's base offense level was 20 under USSG § 2K2.1(a)(4)(A), which provides, in relevant part, a defendant's base level is 20 if the defendant committed the offense subsequent to sustaining a felony conviction of either a crime of violence or a controlled substance offense. The Presentence Investigation Report author concluded Ervin's two assaults were crimes of violence under U.S.S.G. §§ 2K2.1 app. n. 1 and 4B1.2(a).

Ervin objected to the Presentence Investigation Report's conclusion that his two prior assaults were crimes of violence under U.S.S.G. §§ 2K2.1 and 4B1.2(a).

## II. Analysis

To determine whether a prior conviction is a crime of violence under U.S.S.G. § 4B1.2(a), the Court applies what's known as the categorical approach. *United States v. Door*, 917 F.3d 1146, 1150 (9th Cir. 2019) (citing *Taylor v. United States*, 495 U.S. 575 (1990)). Under the categorical approach, the Court compares the elements of the statute of conviction with U.S.S.G. § 4B1.2(a)'s definition of "crime of violence" to determine whether the statute of conviction criminalizes a broader range of conduct than the federal definition captures. *Door*, 917 F.3d at 1150 (citing *United States v. Edling*, 895 F.3d 1153, 1155 (9th Cir. 2018)).

The Sentencing Guidelines define "crime of violence" as follows:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [*known as the force clause*], or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c) [*known as the enumerated offenses clause*].

U.S.S.G. § 4B1.2(a). When determining whether a prior conviction constitutes a crime of violence, the precise inquiry differs depending on whether the offense is alleged to qualify as a crime of violence pursuant to the force clause or the enumerated offenses clause. *Door*, 917 F.3d at 1150. An offense constitutes a "crime of violence" if it qualifies under either of the clauses. *Door*, 917 F.3d at 1150. Throughout the analysis, the Court presumes the prior conviction rested upon nothing more than the least of the acts criminalized by the statute of conviction. *Door*, 917 F.3d at 1150 (citing *Moncrieffe v. Holder*, 569 U.S. 184, 191-192 (2013)).

To determine whether a prior conviction qualifies pursuant to the force clause, the question is whether the crime of conviction "has as an element the use or threatened use of physical force against the person of another, with 'physical force' understood to mean in this context '*violent* force—that is, force capable of causing physical pain or injury to another person.'" *Door*, 917 F.3d at 1151 (citing

3

*Edling*, 895 F.3d at 1156). If the crime of conviction necessarily entails the use or threatened use of violent physical force, it is considered a categorical match for a crime of violence pursuant to the force clause and the inquiry ends. *Door*, 917 F.3d at 1151.

Under Mich. Comp. Laws Ann. § 750.84(1)(a), a person is guilty of a felony punishable by imprisonment for not more than 10 years if the person "assaults another person with intent to do great bodily harm, less than the crime of murder."[1] The elements of Assault with Intent to do Great Bodily Harm are (1) an attempt or threat with force or violence to do corporal harm to another, and (2) an intent to do great bodily harm less than murder. *People v. Blevins*, 886 N.W.2d 456, 466 (Mich. Ct. App. 2016). Intent to do great bodily harm is "an intent to do serious injury of an aggravated nature." *Blevins*, 886 N.W.2d at 466. It is a specific intent crime. *People v. Parcha*, 575 N.W.2d 316, 318 (Mich. Ct. App. 1997) (citing *People v. Mack*, 317 N.W.2d 190 (Mich. Ct. App. 1981)).

In *Raybon v. United States*, the Sixth Circuit held this precise statute was categorically a crime of violence under the force clause. 867 F.3d 625, 631-632 (6th Cir. 2017). Although *Raybon* is not binding precedent, the Court agrees with the Sixth Circuit's analysis and holds Ervin's conviction under Mich. Comp. Laws

---

[1] The Court cites the current version of the statute for simplicity's sake. The current version is materially unaltered from the version Ervin was convicted under.

4

Ann. § 750.84(1)(a) is categorically a crime of violence under U.S.S.G. § 4B1.2(a)'s force clause.

An "attempt or threat with force or violence" to harm another person with the intent that the harm be a "serious injury of an aggravated nature" necessarily has as an element the use, attempted use, or threatened use of physical, i.e., violent, force because it is not plausible someone could attempt or threaten to forcefully or violently cause someone great bodily injury without also using, attempting to use, or threatening to use physical, violent force. Ervin argues attempting to poison someone would satisfy the statute but would not satisfy the force clause because poison requires no physical, violent force. Ervin's poison hypothetical has been squarely rejected by the Ninth Circuit and United States Supreme Court, who both concluded the act of employing poison as an instrument to cause physical harm is a use of physical force. *United States v. Calvillo-Palacios*, 860 F.3d 1285, 1291 (9th Cir. 2017); *United States v. Castleman*, 572 U.S. 157, 170-171 (2014)). Furthermore, Ervin's hypothetical is particularly unconvincing here because the statute specifically requires force or violence, just as the force clause does. If attempting to use poison satisfied the statutory element of attempt by force or violence to cause harm it would logically also satisfy the force clause's requirement for the attempted use of physical, violent force.

Because the Court holds Ervin's conviction under Mich. Comp. Laws Ann. § 750.84(1)(a) is a crime of violence under U.S.S.G. § 4B1.2(a)'s force clause, the Court declines to address whether Ervin's conviction under Mich. Comp. Laws Ann. § 750.89 is also a crime of violence. Ervin's objection is overruled and the Court adopts the Presentence Investigation Report's calculation of Ervin's base offense level.

DATED this 8th day of August, 2019.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge